**William H. GROSSMAN, and Carolyn S. Grossman, Plaintiffs–Appellants,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 03–5160.

United States Court of Appeals, Federal Circuit.

DECIDED: April 13, 2004.

Curtis W. Berner, Law Offices of Curtis W. Berner, Oakland, CA, for Plaintiffs–Appellants.

Karen D. Utiger, Richard Farber, Ellen C. Specker, Karen Gregory, Washington, DC, for Defendant–Appellee.

Before MAYER, Chief Judge, BRYSON, and LINN, Circuit Judges.

LINN, Circuit Judge.

William H. and Carolyn S. Grossman ("the Grossmans") appeal from the United States Court of Federal Claims' grant of summary judgment to the government on the Grossmans' claim for a refund of taxes

paid pursuant to a closing agreement with the Internal Revenue Service ("IRS"). *Grossman v. United States*, 57 Fed.Cl. 319 (2003). Because the Court of Federal Claims did not err in concluding that IRS Orders 209 and 12 are not in conflict with one another, we *affirm.*

## BACKGROUND

The Grossmans entered into a closing agreement with the IRS in 1996 related to the tax treatment of partnerships in which they had invested from 1982 through 1984. This agreement was signed on behalf of the IRS by an official, Maurice Namias, whose title was listed as "Acting Associate Chief of Appeals." *Grossman,* 57 Fed.Cl. at 321. The Associate Chief of Appeals had designated Namias to act as the Associate Chief pursuant to IRS Delegation Order 12, which broadly allowed IRS supervisory employees to "designate an employee to serve as acting for them during their absence." *Id.* at 323. Following two decisions of the Tax Court relating to the tax treatment of the partnerships, the IRS assessed taxes, interest, and fees and costs against the Grossmans.

In May 2000, the Grossmans filed claims with the IRS for refund of tax, interest, and penalties paid; the claims were disallowed. The Grossmans then filed a refund action in the Court of Federal Claims, arguing that Namias was without authority to enter into the closing agreement, and that the taxes assessed pursuant to the agreement were therefore improper and recoverable via refund. *Id.* at 323.

On cross-motions for summary judgment, the court held that IRS Delegation Order No. 209, which prohibited redelegation of the Associate Chief's authority to enter into written settlement agreements and formed the basis of the Grossmans' suit, was not in conflict with Order No. 12. Because the court concluded that the pro-visions were complementary and Namias had authority to sign the agreement as Acting Associate Chief of Appeals, it granted summary judgment to the government. *Id.* at 327.

## DISCUSSION

The essence of the Grossmans' argument is that Namias could not properly have been delegated authority to enter into the closing agreement. They base this contention on Delegation Order 209, which provides that the "authority to enter into and approve a written settlement agreement with one or more partners" relating to the treatment of partnership items is delegated to, inter alia, "associate chiefs of appeals offices." *Grossman,* 57 Fed.Cl. at 323 (quoting Delegation Order 209). The order further provides, however, that "[t]he authority delegated herein may not be redelegated." *Id.* The Grossmans argue that the Associate Chief's designation of Namias under Delegation Order 12 to serve as Acting Associate Chief did not properly delegate signing authority to Namias, because such redelegation was prohibited by Delegation Order 209. Because Order 209 is the more specific provision, the Grossmans contend, it trumps Order 12's grant of authority to designate an employee to serve as acting in a position.

The Grossmans misperceive the distinction between designation of an employee to serve in a particular position and delegation of authority to an employee who remains in his position. The authority to enter into written settlement agreements relating to partnerships was delegated in Order 209 to Associate Chiefs of Appeals, and when a subordinate is designated to serve as an Acting Associate Chief, as Namias was here, that subordinate is functioning as an Associate Chief and may exercise that position's authority to sign

settlement agreements. Had the Associate Chief simply attempted to delegate signing authority to Namias, without designating him to serve as Acting Associate Chief, that would indeed have been prohibited by Order 209, but such was not the case here. Properly understood, Order 209 simply means that an IRS official not exercising at least the functions of an Associate Chief of Appeals is without authority to enter into written settlement agreements. We decline to disturb the Court of Federal Claims' well-reasoned conclusion that because Order 209 and Order 12 are complementary, the closing agreement was properly executed and valid and binding in determining the Grossmans' tax liabilities.

Because we affirm the Court of Federal Claims' holding that the closing agreement was validly executed, we need not and do not address the remaining issues raised on appeal.